## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TENNESSEE
## WESTERN DIVISION

---

ABANOUB SHEHATA,

     Petitioner,

v.                                                    Case No. 2:26-cv-02197-MSN-atc

CHRISTOPHER BULLOCK,
New Orleans Field Office Director
for ICE Enforcement and Removal Operations[1],

     Respondent.

---

## ORDER GRANTING IN PART PETITION FOR WRIT OF HABEAS CORPUS

---

Petitioner has filed a Petition for Writ of Habeas Corpus (ECF No. 1, "Petition"), challenging his continued detention.  The Petition requests immediate release or, alternatively, a bond hearing before an Immigration Judge.  (ECF No. 1 at PageID 14.)  On May 15, 2026, Respondent filed a Notice of Intervening Authority (ECF No. 13) addressing Petitioner's situation in light of the Sixth Circuit's decision in *Lopez-Campos v. Raycraft*, 175 F.4th 713 (6th Cir. 2026). Respondent is evaluating whether to seek further appellate review of *Lopez-Campos*, but he acknowledges that *Lopez-Campos* is binding on this Court.  (ECF No. 13 at PageID 47.) Respondent says that, subject to his reservation of all rights to appeal *Lopez-Campos*, the Court

---

[1] The proper respondent to the Petition is the United States Immigration and Customs Enforcement ("ICE") District Director for the district in which the alien is being detained.  *See Roman v. Ashcroft*, 340 F.3d 314, 320–22 (6th Cir. 2003).  The proper respondent in this case is Christopher Bullock, the New Orleans Field Office Director for ICE Enforcement and Removal Operations.  The Clerk is **DIRECTED** to terminate all Respondents other than Christopher Bullock.

should order that Petitioner be provided a custody redetermination hearing within 10 days, and if that does not occur, Petitioner should be released from custody. (*Id.* at PageID 46–47.)

*Lopez-Campos* found that some aliens, like Petitioner, who are present in the interior of the United States without being admitted or paroled, are properly detained under 8 U.S.C. § 1226(a), which provides for a bond *hearing* pending the aliens' removal proceedings. So although Petitioner also requests immediate release, that is not the relief to which he is entitled under § 1226.

Accordingly, based on the Sixth Circuit's decision in *Lopez-Campos* and Respondent's agreement that it controls here, the Petition for Writ of Habeas Corpus (ECF No. 1) is **GRANTED IN PART**, and Respondent is **ORDERED** to give Petitioner an individualized bond hearing under 8 U.S.C. § 1226(a) within **ten days of the date of this Order.** The bond hearing should be conducted in accordance with the normal procedures that were applicable prior to the decision of the Board of Immigration Appeals in *Matter of Yajure Hurtado*, 29 I. & N. Dec. 216, 228 (BIA 2025). If a bond hearing is not held within 10 days of the date of this Order and Petitioner has not consented to an extension, then Petitioner shall be released from custody at that time.

**IT IS SO ORDERED**, this 18th day of June, 2026.

*s/ Mark S. Norris*
MARK S. NORRIS
UNITED STATES DISTRICT JUDGE

2